UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

NATASHA N. G.,

                                                                    **ORDER**
                              Plaintiff,

                                                                    24 Civ. 06844 (JCM)
              -against-

FRANK BISIGNANO,
Commissioner of Social Security,[1]

                              Defendant.

----------------------------------------------------------X

Plaintiff Natasha N. G.[2] ("Plaintiff") commenced this action pursuant to 42 U.S.C. §

405(g), seeking judicial review of a decision by the Commissioner of Social Security (the

"Commissioner"), denying Plaintiff's application for disability benefits. (Docket No. 1).  On

March 12, 2025, the Court so ordered the parties' joint stipulation, remanding the case to the

Commissioner for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g).

(Docket No. 16).  Upon remand, an Administrative Law Judge ("ALJ") issued a favorable

decision finding Plaintiff disabled and entitled to benefits. (Docket No. 22-1 at 32).  Plaintiff

now moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Docket No. 20).  The

Commissioner does not contest the reasonableness of the fee request. (Docket No. 23).  For the

reasons set forth below, Plaintiff's motion for attorney's fees is granted.[3]

---

[1] Frank Bisignano is now the Commissioner of Social Security and is substituted for former Commissioner Martin J. O'Malley as the Defendant in this action, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[3] This action is before the undersigned for all purposes on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Docket No. 8).

## I.    BACKGROUND

On October 27, 2021, Plaintiff applied for Social Security Disability benefits. (Docket No. 22 ¶ 1).  In her application, Plaintiff alleged that she was disabled as of August 1, 2020. (*Id.*).  The Commissioner denied her application, and Plaintiff requested a hearing before an ALJ, which was held on June 16, 2023. (*Id.* ¶¶ 1-2).  On September 20, 2023, the ALJ issued a decision finding her not disabled. (*Id.* ¶ 2).  The Appeals Council denied review of that decision on July 11, 2024. (*Id.*).  Plaintiff retained the Law Offices of Charles E. Binder and Harry J. Binder, LLP (the "Binder Firm") to appeal the Commissioner's denial of benefits to this Court. (Docket No. 22-1 at 2-3).  The retainer agreement ("Retainer Agreement") provides that "[i]f the [Plaintiff's] case is remanded by the United States District Court to the Social Security Administration" and Plaintiff is ultimately "awarded past due benefits," Plaintiff will pay the Binder Firm up to twenty-five percent of the past due benefits awarded. (*Id.* at 2 ¶ 3).

Plaintiff commenced the instant action on September 10, 2024. (Docket No. 1).  The parties subsequently agreed to remand the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket No. 15).  On March 12, 2025, the Court so ordered the stipulation of remand. (Docket No. 16).  On April 1, 2025, the Court signed the parties' stipulation awarding the Binder Firm attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,551.44. (Docket No. 19).  However, Plaintiff's counsel only received $4,698.16 due to Treasury Department offset. (Docket No. 22-1 at 7-8).  On April 23, 2025, the Appeals Council issued an Order remanding the case for further administrative proceedings. (*Id*. at 19-21).

Following remand, the ALJ issued a fully favorable decision on November 21, 2025, finding Plaintiff disabled since August 1, 2020. (*Id.* at 26-32).  On December 24, 2025, the

Social Security Administration issued a Notice of Award (the "Notice") indicating that Plaintiff's past due benefits amount to $108,537.00. (Docket No. 21 at 3; *see* Docket No. 22-1 at 10-15). The Binder Firm received the Notice on December 29, 2025. (Docket No. 22 ¶ 12).  On January 8, 2026, Plaintiff filed the instant motion, requesting $27,134.25 in attorney's fees, which is twenty-five percent of Plaintiff's past-due benefits. (Docket Nos. 20, 21).

## II.  DISCUSSION

Under Section 406(b) of the Social Security Act ("SSA"), when an attorney represents a claimant who receives a favorable judgment, "the court may determine and allow . . . a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely made . . . and then reviews the request for reasonableness." *Johnson v. Kijakazi*, 20-CV-2630 (BCM), 2022 WL 17718336, at *4 (S.D.N.Y. Dec. 15, 2022) (citation omitted).  The Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[4] 42 U.S.C. § 406(b)(1)(A). As such, an award under Section 406(b) is not a fee-shifting arrangement between the parties but is instead an amount that the Social Security claimant pays his or her own attorney. *Wells v. Sullivan*, 907 F.2d 367, 370-71 (2d Cir. 1990).

### A.  Timeliness

The timeliness of an application for attorney's fees is governed by Federal Rule of Civil Procedure 54(d), which requires motions to "be filed no later than 14 days after the entry of

---

[4] The Commissioner "has no direct financial stake" in the award of attorney's fees, but rather "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

judgment." Fed. R. Civ. P. 54(d)(2)(B)(i); *see also Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019) ("Once counsel receives notice of the benefits award . . . there is no sound reason not to apply [Rule 54(d)'s] fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.").  However, the Second Circuit in *Sinkler* held that equitable tolling extends the fourteen-day filing limitation to after "a party receives notice of a benefits calculation." 932 F.3d at 89.  The Circuit reasoned that equitable tolling is appropriate in cases where a benefits determination is remanded by the district court because "the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands, and § 406(b) caps attorney's fees at 25% of the benefits award." *Id.* at 87.  Thus, "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88.

Here, the Notice is dated December 24, 2025, but the Binder Firm did not receive the Notice until December 29, 2025. (Docket No. 22 ¶ 12).  Plaintiff filed the instant motion on January 8, 2026, ten days after counsel received the Notice. (Docket No. 21).  Thus, the motion is timely because it was filed within the fourteen-day limitations period.  In addition, the Commissioner does not contest the timeliness of Plaintiff's motion. (Docket No. 23).  Accordingly, the Court finds Plaintiff's motion for attorney's fees is timely.

## B. Reasonableness

The SSA provides that courts may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).  "[W]here there is a contingency fee agreement in a successful security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement,

and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells*, 907 F.2d at 371.  As a result, "§ 406(b) does not displace contingent-fee agreements," but "[r]ather . . . calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807.

In determining whether the fee is "unreasonable," courts must consider (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372; *see also Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).  In *Gisbrecht*, the Supreme Court also held that reduction of the fee may be "appropriate[]" "based on the character of the representation and the results the representative achieved," or the attorney's role in any delay. 535 U.S. at 808.  Here, the percentage is within the twenty-five percent statutory cap, (Docket No. 22-1 at 12), and there is no evidence of fraud or overreaching, (Docket No. 21 at 3).  Thus, the Court focuses its analysis on whether the requested amount constitutes a windfall or otherwise must be reduced. *See Gisbrecht*, 535 U.S. at 808.

To determine "whether a requested fee would result in a 'windfall' to counsel," the court must analyze whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Fields*, 24 F.4th at 849, 853; *see also Gisbrecht*, 535 U.S. at 808.  However, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields*, 24 F.4th at 854.  Therefore, the Second Circuit set forth four additional factors to be considered when determining whether a particular award constitutes a windfall: (1) "the ability and expertise

of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-55.

Applying these factors, the Court finds that the fee that Plaintiff's counsel seeks is reasonable. The Binder Firm seeks $27,134.25 in attorney's fees, twenty-five percent of Plaintiff's past due benefits, which is within the statutory cap imposed by the SSA.[5] *See* 42 U.S.C. § 406(b)(1)(A). This fee will not result in a windfall for several reasons. First, Plaintiff's counsel represented Plaintiff on a contingency fee basis, and the fee sought appropriately accounted for the inherent risk of taking on a contingency case. *See Wells*, 907 F.2d at 371 ("In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). Second, Mr. Charles E. Binder and his colleague, Daniel S. Jones, are experienced attorneys who have each worked on more than one thousand Social Security disability benefits claims. (Docket No. 22 ¶¶ 9, 11). Additionally, Mr. Binder previously served as president of the New York Social Security Bar Association and "regularly lecture[s] . . . in their continuing legal education program concerning Social Security disability." (*Id.* ¶ 11). While counsel spent 25.70 hours of attorney time to achieve a favorable result for Plaintiff, (Docket No. 22-1 at 5), a less experienced attorney may have needed to expand far more time. In addition, "[d]istrict courts

---

[5] "Most contingency agreements in social security cases set the contingency rate at 25 percent and that is true in this case." *Rivera v. Saul*, 18-CV-7135 (JLC), 2021 WL 864184, at *2 (S.D.N.Y. Mar. 9, 2021).

within this Circuit endorse a twenty to forty-hour range as reasonable for a typical Social Security disability appeal in federal court." *Bass v. Kijakazi*, 16 Civ. 6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (internal quotations omitted) (collecting cases). Counsel's 25.70 hours falls at the lower end of this spectrum; therefore, the amount of time spent on the case is reasonable. (Docket No. 22-1 at 5).  Third, the requested amount yields an effective hourly rate of $1,055.81, which is "within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Valle v. Colvin*, 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (approving $1,079.72 *de facto* hourly rate); *see also Fields*, 24 F.4th at 854 (approving $1,556.98 *de facto* hourly rate for 25.8 hours of counsel's work); *Duane P. v. Frank Bisignano*, 19-CV-8926 (BCM), 2025 WL 1707224, at *2-*4 (S.D.N.Y. June 18, 2025) (approving $1,929.58 *de facto* hourly rate); *Pierce v. Commissioner of Social Security*, 23-CV-2481 (KHP), 2026 WL 121790, at *2 (S.D.N.Y. Jan. 16, 2026) (approving $2,000.00 *de facto* hourly rate).  Fourth, given the favorable result counsel obtained for Plaintiff, there is nothing to suggest that Plaintiff is anything less than satisfied with the representation provided.

Accordingly, the Court finds the requested attorney's fees award of $27,134.25 is reasonable.

## C.  EAJA

"Under [the] EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)).  This provision "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket," and calculates

fees "not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate.'" *Id.* (quoting 28 U.S.C. § 2412(d)(1)(B)) (alteration in original).  Although awards under both the EAJA and Section 406(b) are permissible, "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Id*. (quoting Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186) (alteration in original).

Here, the Court ordered that Plaintiff be awarded $6,551.44 in attorney's fees under the EAJA. (Docket No. 19).  However, "those fees were partially offset by Plaintiff's federal debt[,] . . . [so] counsel received only $4,698.15 in EAJA fees." (Docket No. 22 ¶ 5).  Since counsel is now receiving an award under Section 406(b) that exceeds his prior EAJA award, he must refund to Plaintiff the smaller EAJA award.  Accordingly, the Court directs Plaintiff's counsel to refund to Plaintiff the $4,698.15 EAJA fee award upon receipt of his attorney's fees under Section 406(b).

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is granted in the amount of $27,134.25.  Plaintiff's counsel shall refund $4,698.15 in EAJA fees previously received to Plaintiff upon receipt of his fees under Section 406(b).

The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 20).

Dated:   March 2, 2026
         White Plains, New York

SO ORDERED:

_____
JUDITH C. McCARTHY
United States Magistrate Judge

- 8 -